UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMMY LYNN COX, RN,

        Plaintiff,

vs.                                                                 Case No.  3:14-cv-1194-J-34JBT

HCA, INC., d/b/a HCA South Atlantic,
ORANGE PARK MEDICAL CENTER,
INC., and JENNIFER MICK, RN, In Her
Individual Capacity,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte.  Plaintiff initiated this action on October 1, 2014, by filing Plaintiff's Complaint and Jury Demand (Doc. 1; Complaint).  Upon review of the Complaint, the Court advises Plaintiff that the case style set forth above reflects the correct format and should be used in all future filings.  In addition, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3)

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Although Plaintiff does not allege a specific basis for the Court's subject matter jurisdiction over this action, Plaintiff appears to contend that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). See Complaint at 2. Specifically, the Complaint states that Plaintiff is a resident of Duval County, Florida. Id. ¶ 2. In addition, Plaintiff alleges that Defendant HCA, Inc., doing business as HCA South Atlantic, "is a for profit foreign corporation," and that Defendant Orange Park Medical Center, Inc. is "a for profit foreign corporation . . . owned by Defendant HCA, Inc." Id. ¶¶ 3-4 (emphasis in original). Notably, Plaintiff provides no information with respect to the citizenship of Defendant Jennifer Mick, RN. See generally Complaint. Upon review, the Court determines that Plaintiff fails to sufficiently allege the citizenship of any of the parties, and as such, the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257 - 1258 (11th Cir. 2002) (quotation and citation omitted). As the Complaint discloses only Plaintiff's residence, rather than her domicile or state of citizenship, and

provides no information at all regarding Defendant Mick's citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367; see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In addition, Plaintiff fails to properly allege the citizenship of Defendants HCA, Inc. and Orange Park Medical Center, Inc. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Accordingly, Plaintiff's allegations that Defendants are "foreign corporations" are insufficient to establish Defendants' citizenship in that she does not disclose where Defendants were incorporated. See Williams v. Mast Biosurgery USA, Inc., No. 7:08-cv-114, 2008 WL 4185992, at *2 (M.D. Ga. Sept. 5, 2008) ("Section 1332(c)(1)'s definition of citizenship also applies to foreign corporations."). Moreover, Plaintiff fails to allege each Defendant's principal place of business. See Hertz, 559 U.S. at 80. As such, the Court lacks sufficient information to determine the citizenship of Defendants HCA, Inc. and Orange Park Medical Center, Inc. and whether the parties to this action are diverse.

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[1]  Accordingly, it is

**ORDERED**:

Plaintiff shall have until **October 20, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on October 7, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").